Mr. Larry W. Mathieson Director, Dade County Juvenile Assessment Center Metro-Dade Police Department 9105 Northwest 25th Street Miami, Florida 33172-1505
Dear Mr. Mathieson:
You ask substantially the following question:
Is the ad valorem tax millage of a juvenile welfare board included within the 10 mills cap for ad valorem taxation of the county?
In sum:
The ad valorem tax millage imposed by a juvenile welfare board created pursuant to section 125.901, Florida Statutes, is not included in the county's millage.
According to your letter, the Dade County Juvenile Assessment Center (JAC) is in its implementation stage and is examining all available funding resources. The formation of an independent special district for children's services pursuant to Part V, Chapter 125, Florida Statutes, is being examined. The question has been raised whether the ad valorem millage authorized to be levied by such a district would be included within the county's millage rate.
Article VII, section 9, Florida Constitution, provides that "[c]ounties, school districts, and municipalities shall, and special districts may, be authorized by law to levy ad valorem taxes . . . for their respective purposes[.]"[1] Section 200.071, Florida Statutes, states that except as provided therein, "no ad valorem tax millage shall be levied against real property and tangible personal property by counties in excess of 10 mills, except for voted levies."[2]
Section 200.001(1), Florida Statutes, includes the millage of the dependent special districts within a county's millage.[3] The millage of independent special districts, however, is not a component of a county's millage. Instead, an independent special district may levy such millage as is authorized by law and approved by the electors.[4] Section 200.001(8)(e), Florida Statutes, defines an independent special district generally utilizing the definition of section 189.403(3), Florida Statutes.[5]
Chapter 189, Florida Statutes, which regulates special districts within the state, defines the term "special district" to mean a unit of local government of special purpose, created by general law, special act, local ordinance, or by rule of the Governor and Cabinet. The purposes of such districts are implemented by special functions and related prescribed powers.[6] Section 189.403(3), Florida Statutes, defines an "[i]ndependent special district" as one that is not a dependent special district. A "[d]ependent special district" is a special district that meets at least one of the following criteria:
"(a) The membership of its governing body is identical to that of the governing body of a single county or a single municipality.
(b) All members of its governing body are appointed by the governing body of a single county or a single municipality.
(c) During their unexpired terms, members of the special district's governing body are subject to removal by the governing body of a single county or a single municipality.
(d) The district has a budget that requires approval through an affirmative vote or can be vetoed by the governing body of a single county or a single municipality."[7]
Thus, an independent special district does not have the same governing body as the county or municipality and its governing body is not appointed by the governing body of the county or municipality. In addition, its members are not subject to removal by the county or municipality and its budget is not subject to approval by the county or municipality governing body.
Section 125.901, Florida Statutes, authorizes each county to establish by ordinance an independent special district, as defined in sections 189.403(3) and 200.001(8)(e), Florida Statutes, to provide funding for children's services throughout the county. The statute further provides that the county governing body shall obtain the approval, by a majority vote of those electors voting on the question, to annually levy ad valorem taxes, not to exceed a maximum of 0.5 mills of assessed valuation of all properties within the county which are subject to ad valorem county taxes.
Thus, section 125.901, Florida Statutes, specifically identifies the district as an independent special district. In addition, an examination of the section indicates that the district satisfies the criteria specified for independent special districts. Its governing body, which may be known as a council on children's services or juvenile welfare board, is not comprised of the county commission nor are its members appointed or subject to removal by the county commission. There is no provision requiring the district's budget be approved by the county commission.
Accordingly, I am of the opinion that the ad valorem tax millage authorized by a juvenile welfare board in accordance with section125.901, Florida Statutes, would not be included in the county's millage.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 9(a), Art. VII, Fla. Const. 
[2] Section 200.071(1), Fla. Stat. And see, s. 9(b), Art. VII, Fla. Const., providing:
"(b) Ad valorem taxes, exclusive of taxes levied for the payment of bonds and taxes levied for periods not longer than two years when authorized by vote of the electors who are the owners of freeholds therein not wholly exempt from taxation, shall not be levied in excess of the following millages upon the assessed value of real estate and tangible personal property: for all county purposes, ten mills; . . . and for all other special districts a millage authorized by law approved by vote of the electors who are owners of freeholds therein not wholly exempt from taxation."
[3] And see, s. 200.071(2), Fla. Stat., stating that "[t]he board of county commissioners shall, in the event the sum of the proposed millage for the county and dependent districts therein is more than the maximum allowed hereunder, reduce the millage to be levied" so as not to exceed the maximum millage.
[4] See, Art. VII, s. 9(b), Fla. Const.; and s. 200.001(8)(e), Fla. Stat., providing in part that generally independent special district millage shall not be levied in excess of a millage amount authorized by general law and approved by vote of the electors.And see, s. 200.001(4), Fla. Stat., which establish the millage rate of independent special districts as that millage rate set by the governing body of an independent special district, which shall be identified:
"(a) As to whether authorized by a special act approved by the electors pursuant to s. 9(b), Art. VII of the State Constitution, authorized pursuant to s. 15, Art. XII of the State Constitution, or otherwise authorized; and
(b) As to whether levied countywide, less than countywide, or on a multicounty basis."
[5] Section 200.001(8)(e), Fla. Stat., provides:
"`Independent special district' means an independent special district as defined in s. 189.403(3), with the exception of a downtown development authority established prior to the effective date of the 1968 State Constitution as an independent body, either appointed or elected, regardless of whether or not the budget is approved by the local governing body, if the district levies a millage authorized as of the effective date of the 1968 State Constitution. Independent special district millage shall not be levied in excess of a millage amount authorized by general law and approved by vote of the electors pursuant to s. 9(b), Art. VII of the State Constitution, except for those independent special districts levying millage for water management purposes as provided in that section and municipal service taxing units as specified in s. 125.01(1)(q) and (r). However, independent special district millage authorized as of the date the 1968 State Constitution became effective need not be so approved, pursuant to s. 2, Art. XII of the State Constitution."
[6] See, s. 189.403(1), Fla. Stat. The term, however, does not include a school district, a community college district, a special improvement district created pursuant to s. 285.17, a municipal service taxing or benefit unit as specified in s. 125.01, or a board which provides electrical service and which is a political subdivision of a municipality or is part of a municipality.
[7] Section 189.403(2), Fla. Stat.